UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

      Plaintiff,

v.                          **MEMORANDUM OF LAW & ORDER**
                             Criminal File No. 14-165 (MJD/JSM)

(1) JAMES FRANCIS VOLIN,

      Defendant.

---

Robert M. Lewis, Assistant United States Attorney, Counsel for Plaintiff.

James Francis Volin, pro se.

---

## I.    INTRODUCTION

This matter is before the Court on Defendant James Francis Volin's Motion for Second Chance or for Term of Home Confinement. [Docket No. 72]

## II.    BACKGROUND

On November 19, 2014, Defendant James Frances Volin pled guilty to Count 1 of the Information, Income Tax Evasion, in violation of 26 U.S.C. § 7201. The Court sentenced Defendant to 24 months in custody, to be followed by 3 years on supervised release. [Docket Nos. 69-70]

Defendant has now filed a motion requesting that the Court "grant defendant a term of sentence under the Second Chance Act, which the Federal Bureau of Prisons is refusing to adhere to," and "grant defendant a term of home confinement consistent with the plain language of the statutes and provisions." [Docket No 72]  Defendant asserts that he has been told that, at most, he will receive one or two months in a halfway house.  He submits a document indicating that his projected release date is July 4, 2017, and that the Bureau of Prisons considers him to be eligible for home detention beginning April 23, 2017. (Def. Ex. 1.)

> The Second Chance Act provides:
>
> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).  It further provides that "[t]he authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Id. § 3624(c)(2). The Bureau of Prison is obligated to undertake this consideration

independent of any order or recommendation by this Court.  See, e.g., Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008).

To the extent that Defendant is challenging the Bureau of Prison's execution of his federal sentence, he is required to first pursue and exhaust administrative remedies through the Bureau of Prisons.  See, e.g., Mathena v. United States, 577 F.3d 943, 946 (8th Cir. 2009).  There is no indication that Defendant has done so.

To the extent that Defendant seeks to have this Court amend its sentence to reduce the period of imprisonment or provide home confinement for a particular length of time, the Court is without power to amend its sentence.  This Court does not have jurisdiction to modify a term of imprisonment once it has been imposed except 1) upon a motion from the Director of the Bureau of Prisons; 2) to the extent expressly authorized by statute or by Federal Rule of Criminal Procedure 35; or 3) if a defendant was sentenced based on a sentencing range that has been subsequently reduced by the Sentencing Commission and designated to apply retroactively.  18 U.S.C. § 3582(c).  See also United States v. Auman, 8 F.3d 1268, 1270-72 (8th Cir. 1993).  In this case, there is no motion from the Director of the Bureau of Prisons; no statute authorizes modification of

Defendant's sentence; Rule 35, which permits correction of an error within 14 days of sentencing and reduction based on substantial assistance to the Government, does not apply; and Defendant was not sentenced based on a sentencing range that has been subsequently reduced by the Sentencing Commission.  Therefore, the Court lacks authority to grant Defendant's motion.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

>Defendant James Francis Volin's Motion for Second Chance or for Term of Home Confinement [Docket No. 72] is **DENIED**.
>
>**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  August 31, 2016               s/ Michael J. Davis
                                      Michael J. Davis
                                      United States District Court